PETER R. BURTON *vs.* WILLIAM R. WOLFE.

Objections to inquisition on lands heard after the return term, where the defendant had no notice or knowledge of the holding the same until after the term.

Quere. What is legal notice when the defendant lives out of the county?

The sheriff is bound to prove notice of sales of land strictly.

It seems that the sheriff is not bound to inquire on lands which have been sold and conveyed by the defendant and possession delivered, though such lands are bound by the judgment; at least until after condemnation of the other lands also bound. ·

Fr. fa. to April term, 1844, returned nulla bona; levied on land; inquiry held and not sufficient. Vend. exponas to October term, 1844, returned lands sold to Peter R. Burton for $300, and not sufficient.

On affidavit of the defendant that he had no notice or knowledge of the inquisition, nor of the sale of the land until after the sale was made; that he had made sundry payments amounting to $258, in discharge of the judgments inquired on which were not presented or allowed; that there were three tracts of land bound by the judgment which were not inquired on; that the lands actually inquired on were described as one tract, containing two hundred acres, more or less, whereas it was in two tracts, and contained near four hundred acres; that the land which sold for $300 was worth $1,200, and was sacrificed by reason of the efforts of plaintiff to prevent bidders from attending the sale: The court laid a rule at the return term of the venditioni exponas to show cause why the inquisition and also the sale should not be set aside.

On the hearing of this rule these questions arose :—

1. Whether objection to an inquisition on lands will be heard after the return term on proof of want of notice, or knowledge of the defendant of such inquisition.

2. Whether notice to the tenant of such defendant was sufficient, where the defendant resided out of the county, but within the State.

3. Whether the sheriff is bound, in inquiring upon lands, to consider lands bound by the judgment, but which the defendant has regularly sold and conveyed to third persons since the judgment, but before the inquisition.

4. Whether a notice of sale of land given through the post-office, addressed to a defendant residing out of the county, but within the State, is a lawful notice.

5. Whether absolute proof of ten advertisements posted in the

county by the sheriff must be made by the person who posted them, or others who saw them.

*The Court* set aside both the sale and inquisition, on the ground of want of legal notice, either of the inquisition or of the sale. The thirty-first rule of court requiring ten days' notice of inquisitions, makes no provision for nonresident defendants, and may be properly considered as extending to them until it is otherwise ruled. Yet it may in some cases occasion unnecessary cost and trouble to serve personal notice on defendants residing out of the county, and it may be necessary to explain or modify the rule in this respect. Until that is done the court must require personal notice to the defendant. (See post, *Wolfe* vs. *Heathers.*)

As to the advertisements of sale, the sheriff must be prepared to prove the putting up of at least one notice in each hundred of the county according to law. The posting of such notices is expressly required by law, and must not be left in any doubt.

As to the question whether the sheriff was bound to inquire on the three tracts sold by defendant, and out of his possession at the time of the inquisition, the court inclined strongly to the opinion that he was not bound to do so before condemnation and sale of the land remaining. If he were so bound it would often happen that lands so sold by a defendant, would have to be taken upon eligit to satisfy his debt before sale of his own land, though it is the admitted rule of equity and practice of courts of law, to levy the debt by such sale, before resort is had to other land bound by the judgment, but which have been aliened. If there be any supposed hardship in selling defendant's land without inquisition on all the land bound by plaintiff's judgment, it results from his own act of sale, and it would impose a greater hardship on his alienee to have the land extended for the payment of the vendor's debts before his own land was taken.

Rule absolute.

*Cullen* and *McFee*, for the rule.
*Houston* and *Layton*, contra.